**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Hires, | ) No. CV-08-2037-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

The court has before it plaintiff's opening brief (doc. 8), defendant's response (doc. 10), and plaintiff's reply (doc. 11). We also have before us plaintiff's motion for admission of newly acquired evidence (doc. 9).

Plaintiff filed an application for disability insurance benefits on December 29, 2004, alleging a disability onset date of August 1, 2003, due to severe bilateral foraminal stenosis and disc herniation, bilateral degenerative joint disease of his knees, hypertension and heart disease. Following a hearing, the administrative law judge ("ALJ") issued a decision concluding that plaintiff can perform his past relevant work as an aerospace manufacturing engineer and therefore is not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

1    A district court may set aside a denial of benefits "only if it is not supported by
2    substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954
3    (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as
4    a whole, a reasonable person might accept as adequate to support a conclusion. Where the
5    evidence is susceptible to more than one rational interpretation, one of which supports the
6    ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

7    Plaintiff contends that the ALJ erred in concluding that he does not meet or equal
8    Listed Impairment 1.04A for spinal disorders. See 20 C.F.R. Part 404, Subpart P, App. 1,
9    § 1.04A. If a claimant has an impairment or combination of impairments that meets or equals
10   the criteria outlined in the "Listing of Impairments," then the claimant is presumed disabled
11   at step three of the five-step sequential evaluation process. 20 C.F.R. § 404.1520(d). Listed
12   Impairment 1.04A is met or equaled if there is a "disorder of the spine . . . resulting in
13   compromise of a nerve root . . . with [e]vidence of nerve root compression characterized by
14   neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . .
15   accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive
16   straight-leg raising test." 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A. The diagnosis of
17   a listed impairment is insufficient to support a disability determination. Instead, "objective
18   medical and other findings" are needed to satisfy the criteria of a specific listing. Id. §
19   404.1525(c)(3).

20   Here, the ALJ concluded without explanation that the "claimant does not have an
21   impairment or combination of impairments that meets or medically equals one of the listed
22   impairments." Tr. 20. The ALJ did not address evidence in the record that would arguably
23   support a conclusion that plaintiff's back impairment meets or equals Listing 104.A. For
24   example, the record contains MRI findings of "disk space narrowing at L4-5" and "[l]eft
25   paracentral disc herniation , L3-4 with superior migration posterior to the L3 vertebral body
26   . . . with involvement of the left L3 nerve root." Tr. 109. Plaintiff was diagnosed with
27   sciatica, Tr. 381, and with "lumbar nerve root compression and disc degeneration." Tr. 496.
28   Because there was some evidence of nerve root involvement, the ALJ was required to

address whether plaintiff's back impairment fits within the definition of Listing 1.04A. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ's failure to explain his conclusion that the evidence of record does not meet or equal Listing 1.04A warrants remand.

The ALJ also failed to recognize the opinions of three physicians who opined that plaintiff's limitations render him unable to work. The medical opinion of a treating physician is entitled to special weight and can be rejected only if the ALJ provides "specific and legitimate reasons supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quotation omitted).

Here, Dr. Flitman, whom plaintiff characterizes as a treating physician, opined that plaintiff cannot work full-time because his sitting, standing, and walking are limited to less than 8 hours a day.[1] Tr. 490-92. Dr. Majhail, also characterized as a treating physician, diagnosed sciatica, disc degeneration, severe back pain and concluded that plaintiff's limitations prevent him from working full-time. Tr. 379-81. Dr. Bambakidis opined that plaintiff can sit/stand/walk for no more than three hours in an eight-hour day. Tr. 494. The Commissioner incorrectly characterizes Drs. Flitman, Majhail, and Bambakidis' opinions as concluding that plaintiff can perform sedentary work. Response at 5. But these opinions state that plaintiff does not have the residual functional capacity to perform full-time work at any exertional level. Tr. 379, 490, 494; see also Vertigan v. Halter, 260 F.3d 1044, 1049 n.3 (9th Cir. 2001) (citing SSR 83-10 which defines sedentary work as requiring the ability to sit for six hours a day).

The ALJ ignored each of these opinions, instead relying on the opinion of state agency consulting physician, Keith Cunningham, who opined that plaintiff can perform light work.

---

[1] If a claimant cannot perform work on a "regular and continuing basis" (i.e., 8 hours a day, 5 days a week, or some equivalent schedule), he is disabled. SSR 96-8p.

Tr. 22-23. A state agency physician's controverting opinion does not itself constitute substantial evidence to support the rejection of plaintiff's treating physicians. Although the ALJ suggests that treating physician Murli Raman, M.D.'s opinion supports the conclusion that plaintiff can perform light work, he fails to recognize that Dr. Raman opined that plaintiff cannot sit, stand, or walk for more than one hour in an eight-hour day and thus cannot perform full-time work. Tr. 180. The ALJ failed to provide adequate reasons for rejecting the opinions of plaintiff's treating physicians. This omission also warrants remand.

The ALJ also failed to give the appropriate weight to the Veteran's Administration's conclusion that plaintiff is disabled and entitled to benefits. "Great weight" should be given to the VA's disability determination. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). An "ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. Here, the ALJ concluded that the VA's decision was not persuasive because "it did not consider the claimant's ability to work within the confines of the adopted RFC." Tr. 22. This presumes the "adopted RFC" is correct, yet this is the very issue under consideration here. The ALJ's explanation for disregarding the VA's disability determination is neither persuasive, specific, nor valid.

Finally, the ALJ rejected plaintiff's subjective complaints of disabling pain concluding that the complaints are not supported by either his activities of daily living or the objective medical evidence. But the ALJ does not discuss how plaintiff's daily activities are incompatible with plaintiff's subjective complaints. Moreover, the absence of supporting medical evidence is insufficient in itself to reject a claimant's subjective complaints of pain. Lester, 81 F.3d at 834. "Unless there is affirmative evidence showing the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.'" Id. The ALJ's failure to support the rejection of plaintiff's subjective symptoms also warrants remand.

For all of these reasons, we remand this case to the Social Security Commissioner with instructions for an immediate payment of benefits. "Where the Commissioner fails to

provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" Id. (citations omitted). "Similarly, where the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, . . . that testimony is also credited as a matter of law." Id. The defendant does not point to any evidence of record (nor do we find any) that would otherwise provide the evidence needed to reject the treating physicians' opinions or plaintiff's testimony. It is clear from the record that the ALJ would be required to find that the plaintiff is disabled were such evidence credited. There are no further issues or evidence to consider on remand.

Therefore, **IT IS ORDERED REVERSING** the Commissioner's denial of benefits and **REMANDING** this case pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits (doc. 8).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for admission of newly discovered evidence as moot (doc. 9).

The clerk shall enter final judgment.

DATED this 29th day of December, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge