**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Hires, | ) No. CV-08-2037-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

We now have before us plaintiff's motion for attorney's fees (doc. 14) and memorandum in support (doc. 15), defendant's responses (docs. 18 and 19), and plaintiff's reply (doc. 20).

On December 29, 2009, we issued an Order (doc. 12) concluding that the ALJ's decision denying Social Security benefits was not based on substantial evidence in the record and remanding to the Commissioner for an immediate award of benefits. Plaintiff claims that on remand the Commissioner awarded him past due benefits in the amount of $73,855.00.

Plaintiff has now filed an application for attorney's fees and costs in the total amount of $3,313.94 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 14), and for an award of attorney's fees under to 42 U.S.C. § 406(b) in the amount of $18,463.75 (doc. 15). Fees under § 406(b) are distinguishable from those awarded under the EAJA. Section 406(b) provides that when a claimant obtains a favorable judgment under the Social

1 | Security Act, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits. Id. § 406(b)(1)(A). The § 406(b) fee "is payable out of, and not in addition to, the amount of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822 (2002).

In contrast, under the EAJA, a party prevailing against the United States may be awarded fees *payable by the government* if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Congress permits fee awards under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822 (quotation omitted). Thus, "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Id.

The Commissioner does not contest the propriety or amount of the requested EAJA fee (doc. 18). Accordingly, finding that the government's position in the litigation was not substantially justified, we award plaintiff fees and costs under the EAJA in the amount of $3,313.94.

Nor does the Commissioner contest the propriety of fees under § 406(b). The only issue is the amount. The Commissioner contends that plaintiff's statement that he was awarded $73,885.00, "grossly overestimate[s] the amount of back benefits." Response at 3. Plaintiff's only evidence of the benefits award is the "Notice of Award" attached as exhibit C to his motion. But the notice does not set forth the total amount of the award. Although plaintiff argues that the "2/23/10 Title II notice" states that "25% of the past-due benefits is $18,463.75," plaintiff has failed to attach that notice with his motion. Therefore, we are unable to verify the calculation. Even if we assume, however, that 25% of the past-due benefits is $18,463.75, we nevertheless conclude that the requested fee award is unreasonable.

Plaintiff retained counsel under a contingency fee agreement which provided for payment to counsel of 25% of any past-due benefits awarded to plaintiff. Section 406(b)

1    "does not displace contingent-fee agreements within the statutory ceiling." Gisbrecht, 535
2    U.S. at 808, 122 S. Ct. at 1829. Instead, we will "review for reasonableness fees yielded by
3    those agreements." Id. Under the statute, plaintiff's counsel is entitled to a "reasonable fee,
4    not in excess of 25 percent of accrued benefits." Id. at 804, 122 S. Ct. at 1826. However,
5    the fee must not only be within the 25 percent maximum, it must also be "reasonable for the
6    services rendered." Id. at 807, 122 S. Ct. at 1828. If the "benefits are large in comparison
7    to the amount of time counsel spent on the case, a downward adjustment is . . . in order." Id.
8    at 808, 122 S. Ct. at 1829. The lawyer should not receive a "windfall." Id.

      Plaintiff's counsel requests § 406(b) fees in the amount of $18,463.75 for 17.2 hours of work, resulting in an hourly rate of $1,073.47. This is unreasonable by any standard. Plaintiff's counsel avers that the prevailing non-contingent rate in the Phoenix market ranges between $200 and $250 an hour. Exercising our discretion and accounting for the risk inherent in contingency fee arrangements, we conclude that an hourly rate of $300.00 is a reasonable fee in this case. Therefore, based on counsel's 17.2 hours of work, we award a total fee under § 406(b) in the amount of $5,160.

      **IT IS ORDERING GRANTING** plaintiff's motion for an award of attorney's fees under the EAJA in the amount of $3,313.94 (doc. 14).

      **IT IS FURTHER ORDERED GRANTING** plaintiff's motion for an award of fees pursuant to 28 U.S.C. § 406(b) in the amount of $5,160 (doc. 15). Counsel shall refund to plaintiff $3,313.94, the amount of the EAJA award. See Gisbrecht, 535 U.S. at 796, 122 S. Ct. at 1822.

      DATED this 9th day of July, 2010.

                                                         _Frederick J. Martone_
                                                            Frederick J. Martone
                                                        United States District Judge